UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MR. ROOTER CORPORATION,

         Plaintiff,

vs.                         Case No. 2:08-cv-464-FtM-29DNF

GEORGE S. GARNER, MR. ROOTER OF LEE
COUNTY, INC., MY PLUMBER'S OF
SOUTHWEST FLORIDA, INC.,

         Defendants.
_____

**<u>ORDER AND PERMANENT INJUNCTION</u>**

     This matter comes before the Court on plaintiff's Motion for Entry of Final Judgment and Permanent Injunction by Default Against Defendants George S. Garner, Mr. Rooter of Lee County, Inc., and My Plumber's of Southwest Florida, Inc. (Doc. #23) filed on December 4, 2008. No responses or appearances have been entered by these defendants, and the time to do so has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

    "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded

allegations, assumed to be true." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]

On June 5, 2008, plaintiff, Mr. Rooter Corporation, filed a Complaint (Doc. #1) against defendants George S. Garner, Mr. Rooter of Lee County, Inc. and My Plumber's of Southwest Florida, Inc. alleging service mark infringement, false designations of origin, and unfair competition. Mr. Rooter Corporation is the franchisor of a nationwide system of more than 200 franchisees providing plumbing services, plumbing repair services, sewer, drain and pipe cleaning services, septic tank pumping, water heater replacement, television pipe inspection, line and leak detection, excavation and replacement of sewer lines, and other related services under the name of "Mr. Rooter" a name used since as early as May 1970 and first registered in 1972. Plaintiff subsequently obtained several other Marks, including the logo.

On or about December 9, 1997, Mr. Rooter and defendant Garner entered into a Franchise Agreement granting Garner exclusive right to operate a Mr. Rooter franchise in Lee County, Florida. On or about October 11, 2002, the Agreement was amended to add Charlotte County, Florida to the territory. For the duration of the Agreement, defendant Garner was authorized to use Mr. Rooter's

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

service marks and business methods. The Agreement expired on December 9, 2007. By certified letter dated December 31, 2007, defendant Garner was informed of the Agreement's expiration and demand was made for post-termination obligations, i.e., ceasing use of the Mr. Rooter Marks.

Despite expiration of the Agreement, defendant Garner, Mr. Rooter of Lee County, Inc. and My Plumber's of Southwest Florida, Inc. continued use of the Mr. Rooter Marks without authorization or permission from on or about December 9, 2007 through the present. Defendants continue to use the Marks on their vans and documents, and plaintiff has since entered into a franchise agreement authorizing another individual to operate a Mr. Rooter franchise. Plaintiff seeks relief form defendant's infringement of the registered Marks, unfair competition, false designation of origin, and common law unfair competition. Plaintiff seeks injunctive relief, damages or defendants' profits, costs, attorney's fees, and interest.

**II.**

The Returns of Service (Docs. #9, 10, 11) indicate that defendants were all served on June 18, 2008 by substitute service to David Weinstein as a person in charge of the private mailbox. On October 17, 2008, the Magistrate Judge issued a Report and Recommendation (Doc. #20) recommending that plaintiff's Motion for Entry of Default (Doc. #19) be granted and a Clerk's default be entered against defendants for failure to comply with the Local

Rules by filing a signed answer and for failure of the corporations to appear by and through counsel. The undersigned entered an Opinion and Order (Doc. #21) accepting and adopting the Report and Recommendation and a Clerk's Entry of Default (Doc. #22) was made on November 25, 2008. Having accomplished the necessary prerequisites under F̲ed̲. R. C̲iv̲. P. 55(a), plaintiff moved for a default judgment against defendants.

## III.

In support of the motion seeking a default judgment, plaintiff has submitted the Declaration of Mary Kennedy Thompson (Doc. #23-2), President of plaintiff Mr. Rooter Corporation, regarding the registered Marks and evidence of defendants' use of the Marks as recently as August 20, 2008. Upon review, the Court finds that plaintiff has established infringement and unfair competition by defendants and therefore entitlement to relief.

The injunctive relief will be granted based on the submitted proposed order. Plaintiff further seeks attorney's fees and expenses incurred as the appropriate measure of recovery for defendants' infringement. Attorney's fees to a prevailing party may be awarded in "exceptional cases." 15 U.S.C. § 1117(a). The Court finds that defendants failure to appear and answer to the allegations in the Complaint coupled with the ongoing infringement in this case was deliberate and willful in nature. Therefore, the Court will permit the attorney's fees. Plaintiff does not

otherwise seek damages and has not provided an accounting for damages.

**IV.**

Plaintiff has submitted the Declaration of Michael W. Rafter (Doc. #23-3), *pro hac vice* counsel for plaintiff. The Declaration provides that $38,308.23 was incurred by the firm of Kilpatrick Stockton in fees and expenses. Also submitted is the Declaration of Theordore L. Tripp, Jr. (Doc. #23-4), local counsel for plaintiff, asserting that $3,555.36 in fees and expenses were incurred by Garvin & Tripp, P.A. and Hahn Loeser & Parks LLP.

The Court finds that the total hours expended by counsel collectively was reasonable, however, the Court finds the hourly rate for attorneys C. P. Bussert, M. W. Rafter, and Charlene R. Marino respectively are much higher than normal for the Fort Myers, Florida area. Since no evidence has been presented that a local attorney was unavailable or ill-equipped to handle this case, the Court will reduce the hourly rate. The Court further finds that the Westlaw research expenses represent normal overhead expenses that should not be charged to defendants.

The billing records for Kilpatrick Stockton reflect a discounted demand for $37,045.00 in fees and $1,263.23 in expenses. The Supplemental Declaration of Michael W. Rafter (Doc. #24) states that a discount was applied to plaintiff's account reducing the total fees by $4,048.50, and this discount was carried through for

the total amount of fees sought in this case. Even with the discount, the Court will reduce the hourly rates as provided below.

The hourly rate of $595.00 for Mr. Bussert will be reduced to $400.00 an hour, the hourly rate of $445.00 for Mr. Rafter will be reduced to $300.00 an hour, and the hourly rate for Charlene R. Marino will be reduced to $250.00 an hour. Since the total amount of attorney's fees before the discount was $41,093.50, with the reduction in the hourly rate, the total amount is now $29,887.00. With the application of the $4,048.50 discount, the total attorney's fees permitted will be **$25,838.50**. The expenses will be reduced to eliminate the research fees, and **$269.60** in expenses will be permitted.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Entry of Final Judgment and Permanent Injunction by Default Against Defendants George S. Garner, Mr. Rooter of Lee County, Inc., and My Plumber's of Southwest Florida, Inc. (Doc. #23) is **GRANTED** in favor of plaintiff and against all named and defaulted defendants as follows:

A. Mr. Rooter owns superior, valid rights in the MR. ROOTER Marks, and Defendants' unauthorized use of the MR. ROOTER Marks is likely to cause consumer confusion as to the source, origin, or affiliation of Defendants' services. Therefore, Mr. Rooter has established a prima facie case against Defendants of infringement

of Mr. Rooter's federally registered MR. ROOTER Marks, Mr. Rooter has established a prima facie case of unfair competition by false designation of origin, and Defendants' conduct also constitutes unfair competition under the common law of the State of Florida;

B. Defendants and their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

a) using, advertising, promoting, displaying, or making any other use of the MR. ROOTER Marks, or colorable imitations thereof, as service marks, trade names, attention-getting devices or trigger mechanisms for the sale of Defendants' services;

b) engaging in any other activity constituting an infringement of Mr. Rooter's service marks or trademarks;

c) using any false designation of origin or false representations which are likely to lead the trade, the public, or individuals erroneously to believe that Defendants are in any way sponsored, approved, authorized, or controlled by Mr. Rooter;

d) using the names, logos, or other variations thereof of any of the MR. ROOTER Marks, or any other service mark or trademark of Mr. Rooter, in any of Defendants' trade or corporate names.

C. Within **THIRTY (30) DAYS** of the entry of this Permanent Injunction and Order, Defendants, on behalf of themselves, and their respective agents, officers, employees, representatives,

successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, shall submit to the Court a written report, under oath, detailing their efforts to comply, and certifying their compliance, with this Permanent Injunction and Order. The report shall include confirmation that all advertising and promotional items used in connection with Defendants' business and bearing of the MR. ROOTER Marks, or colorable imitations thereof, have been destroyed.

D. Mr. Rooter shall recover from Defendants the sum of $25,838.50 in attorney's fees and $269.60 in expenses, representing Mr. Rooter's reasonable attorneys' fees and expenses incurred in connection with this case pursuant to 15 U.S.C. § 1117(a) and in lieu of actual damages.

E. This Court shall retain jurisdiction over this matter to enforce any violation of the terms of this Order and Permanent Injunction. If any such violation occurs, the Court will award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Mr. Rooter for such breach, as well as (b) injunctive relief enjoining any further breach of this Order and Permanent Injunction, or such modifications to the present Order and Permanent Injunction as the Court deems appropriate, (c) attorneys' fees, costs and disbursements, and (d) such other relief as the Court deems just and proper.

2. The Clerk shall enter judgment in favor of plaintiff and against all defendants accordingly, terminate all pending deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this 16th day of January, 2009.

 /s/ John E. Steele
 JOHN E. STEELE
 United States District Judge

Copies:
Counsel of record